No. 67738.—Leslie B. Canion v. United States, protest 62/5667 (Galveston).

Opinion by Rao, J.  In accordance with stipulation of counsel that the merchandise consists of portable cooking or heating stoves fueled by kerosene, but not operated by compressed air, similar in all material respects to those the subject of Anderson Heating, Inc. v. United States (47 Cust. Ct. 189, C.D. 2301), the claim of the plaintiff was sustained.

No. 67739.—B & K Instruments, Inc. v. United States, protests 62/4100, etc. (New York).

Opinion by Ford, J.  In accordance with stipulation of counsel that the merchandise consists of articles the same in all material respects as those the subject of Abstract 67085, the claim of the plaintiff was sustained.

No. 67740.—Momoi Co. v. United States, protests 59/22312–S, etc. (Los Angeles).

Opinion by Ford, J.  In accordance with stipulation of counsel that the items marked "A" consist of fish netting similar in all material respects to that involved in Abstract 63947, the merchandise was held dutiable at 25 percent ad valorem under the provision in paragraph 923, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877), for cotton fishing nets, by similitude.  The items marked "B," stipulated to consist of synthetic cord or twine similar in all material respects to the component material of the fish nets involved in said Abstract 63947, were held dutiable, depending upon the date of entry, at 35 percent under paragraph 912 of the act as synthetic cord or twine, similar in use to cotton cords, or at 33, 31½, or 30 percent under said paragraph, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108).  The claims of the plaintiff were sustained as to the merchandise which was entered or withdrawn from warehouse prior to September 13, 1958.